UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINIC DERAMO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUGREEN, INC.,<br><br>Defendant. | Case No. |

**CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL, INJUNCTIVE RELIEF SOUGHT**

Plaintiff ("Plaintiff" or "Mr. Deramo"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Defendant Trugreen, Inc. ("Trugreen" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  Plaintiff brings this Complaint to:  (1) stop Defendant's practice of placing calls using an artificial or prerecorded voice to the cellular and landline telephones of consumers nationwide without their prior express written consent, and (2) obtain redress for all persons injured by its conduct.

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in and was directed to this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**PARTIES**

4. Plaintiff Dominic Deramo is, and at all times mentioned herein was, a resident of Stony Point, New York, and a citizen of the State of New York.

5. Defendant Trugreen, Inc. is a Delaware corporation with a principal place of business located in Memphis, Tennessee. Trugreen conducts business in this District and throughout the United States.

6. Defendant and/or its agents made prerecorded phone calls to Plaintiff and Class Members, *en masse*, without their prior express consent.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7. Defendant and/or its agents call consumers using an artificial or prerecorded voice, requesting that Plaintiff and members of the putative class sign up with Defendant for its lawn care plans and/or services.

8. Plaintiff has never done business with Defendant nor has he ever given Defendant consent to call him.

9. Regardless of whether a recipient immediately hangs up or stays on the line and presses "1" to speak with a live agent, the first thing every Class Member hears when they answer their telephone is an artificial and/or prerecorded voice. Thus, Defendant violates the TCPA every call it makes to class members using soundboard technology.

10. Defendant called Plaintiff on his cellular telephone and landline telephone on over 20 occasions, throughout the Summer of 2021. On all the calls, a robotic message played that sought to sell Defendant's lawn care plans and/or services to Plaintiff for the upcoming summer, and asked him to "press 1" to "learn more."

11. Defendant placed each of these calls using an artificial or prerecorded voice without Mr. Deramo's consent.

12. Plaintiff was at home when he received several of these calls. His ringer was turned on.

13. Prior to the calls at issue in this action, Mr. Deramo had not had any contact with Defendant. He has never consented in writing, or otherwise, to receive calls using an artificial or prerecorded voice from Defendant.

14. Mr. Deramo is not alone. Many consumers have taken to the internet to complain about Defendant's rampant robocalls:

- "I've asked them to cancel but they keep calling."[1]

- "[I] do not have tru green service nor a lawn. remove my number form your list[2]

- We have just received 3 phone calls in the last 15 minutes from this number. I just looked it up and it says Truegreen with a multiple listing of complaints.[3]

- My name is Nanette as well. I see you have received calls from them and now I am receiving calls from them and have never done any business with them.[4]

- Non-stop calls to my cell phone.. It is a recording that wants to put you on hold.. If you call back you get put on hold and then disconnected..[5]

- "These guys do not understand that if we say NO....it is NO...they keep calling and this become almost harassment. I will not use them just for that."[6]

15. Defendant knowingly made (and continues to make) calls using an artificial or prerecorded voice to Plaintiff and other consumers without the prior express written consent of

---

[1] https://www.callercenter.com/866-596-5276.html
[2] *Id*.
[3] *Id*.
[4] https://800notes.com/Phone.aspx/1-866-802-6986/2
[5] *Id.*
[6] https://www.publiccomplaints.org/2020/08/trugreen-lawn-care-scam-reviews.html

the call recipients. In so doing, Defendant not only invades the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violates the TCPA.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of:

> All persons within the United States who (a) received a prerecorded telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

17. Plaintiff represents, and is a member of, these proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

18. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

19. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classed have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

20. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

21. The proposed Classes can be identified easily through records maintained by Defendant and third parties.

22. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to Plaintiff and class members using an artificial or prerecorded voice without their prior express consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages; and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

23. **Typicality.** Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received calls on their telephones using an artificial or prerecorded voice without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

24. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Classes.

25. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

26. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

27. Classwide relief is essential to compel Defendant to comply with the TCPA.

28.     The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

29.     Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

30.     Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq***.**

31.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

32.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

33.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

34.     Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

35.     Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37. The foregoing acts of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

40. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

f. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.


Dated:  February 10, 2022	Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: ___*/s/ Yitzchak Kopel*___
Yitzchak Kopel

Yitzchak Kopel
Alec M. Leslie
888 7th Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: ykopel@bursor.com
aleslie@bursor.com

*Attorneys for Plaintiff*

8